### *CARIAN* vs. *RIEFFEL.*

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court.

This is an action of warranty, founded on a deed of sale, from the defendant to the plaintiff, of two negroes as described in the petition of the latter.

The principal allegation is a concealment of a charge by judicial hypothecation on the slaves sold or rather exchanged by an authentic act, in the form of a sale, on the part of the vendor. The mortgage complained of results from a judgment, against the seller to the defendant in the present suit, which was regularly recorded, and was also expressed in the act of sale, from the judgment debtor, to the

The vendee may offer the notary, before whom the sale was made, to prove that the vendor had in his possession, the act, under which he claimed title to the slaves sold, and to which a reference was made in the sale.

East'n District.
June, 1824.

CARIAN
vs.
RIEFFEL.

vendor of the plaintiff. The cause was submitted to a jury in the court below, who found a verdict for the defendant, and judgment being thereon rendered, the plaintiff appealed.

In the course of the trial in the district court, the notary, before whom the deed of sale was passed between the parties to this suit, was offered as a witness to prove some facts in relation to the act of sale under which the defendant held title to the slaves in question. The witness was objected to by the plaintiff's counsel, as being incompetent to prove any thing which passed between the contracting parties, previous to the reduction of their contract to writing, and contrary to what is contained in the written instrument. This objection was overruled, and a bill of exceptions taken &c.

It appears from the record of the proceedings, that the judge permitted the witness to testify to the fact of the plaintiff having had in his possession, the act of sale under which the defendant claimed title to the slaves, which he was then about to sell to the former; and to which act reference is made, in the deed of sale, executed by him. In this opinion of the judge, we are unable to perceive any error. But even without this testimony, the case

would be probably sufficiently strong in favor of the defendant, to justify the verdict and judgment of the district court. The deed of sale from Xavier Louis Eugene Bugros de La Chattier, from whom the appellee purchased, contains express mention of the hypothecation now complained of, as having been concealed from the appellant. In the act of sale, between these parties, reference is made to that deed, as the basis of the defendant's title; in a manner to make it a part of the act, and place it fully within the knowledge of the plaintiff, for the purpose of examination.

There is nothing in this like fraudulent concealment. The jury may well have concluded, that the appellant really did know a fact of which the means of knowledge were so amply afforded him by the appellee. If he did know of the charge on the property, arising out of the judicial mortgage aforesaid, at the time he accepted of the sale and transfer of the slaves, he is not entitled to relief under the present favor of action. See *Civ. Code*, 354, art. 49.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

East'nDistrict.
*June*, 1824.

CARIAN
*vs.*
RIEFFEL.

*Seghers* for the plaintiff, *Cuvillier* for the defendants.